UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN PAGE, #155931,

    Petitioner,                                   Case Number 2:22-CV-10965

v.                                               HON. BERNARD A. FRIEDMAN

FREDEANE ARTIS,[1]

    Respondent.
_____/

**<u>OPINION AND ORDER (1) GRANTING IN PART THE MOTION TO AMEND; (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS; (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Petitioner Herman Page, confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Page challenges his conviction for first-degree felony murder, Mich. Comp. Laws § 750.316. Respondent filed a motion to dismiss the petition on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). (ECF No. 13). Page submitted a response. (ECF No. 16).

---

[1] The Court amends the caption to reflect that the proper respondent is Fredeane Artis, the current warden at the prison where petitioner is incarcerated. *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); Rule 2(a), Rules Governing § 2254 Cases.

Page also submitted a document styled as "petitioner['s] motion to amend his response to the attorney general[']s answer to the petitioner's writ." (ECF No. 18).

For the reasons stated below, the petition for a writ of habeas corpus is dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).

**I. BACKGROUND**

Page was convicted by a jury in the Lapeer County Circuit Court.

The Michigan Court of Appeals affirmed Page's first-degree murder conviction on his appeal of right but vacated his conviction for armed robbery and remanded the case to the trial court to correct the judgment of sentence to reflect that the robbery conviction had been vacated. *People v. Page*, No. 253185, 2006 WL 119290, at *2 (Mich. Ct. App. Jan. 17, 2006). On March 14, 2006, the amended judgment of sentence was issued. (ECF No. 14-19). The amended judgment of sentence was not entered into the Register of Actions until June 1, 2006. (ECF No. 14-1, PageID.184). On May 30, 2006, the Michigan Supreme Court denied Page's application for leave to appeal. *People v. Page*, 714 N.W.2d 326 (Mich. 2006).

On December 20, 2006, Page filed his first motion for relief from judgment, which was denied by the trial court. (ECF Nos. 14-20, 14-22). Page then filed a motion to amend his first motion for relief from judgment; the trial court denied the amended motion. (ECF Nos. 14-24, 14-27). The trial court then denied Page's motion for reconsideration. (ECF Nos. 14-28, 14-30). The Michigan appellate

courts denied Page leave to appeal. (ECF No. 15-18); *People v. Page*, 806 N.W.2d 518 (Mich. 2011).

On January 26, 2015, Page filed a motion to quash judgment of sentence for the remittance of prisoner's funds for costs and fees due to indigency; the trial court denied the motion. (ECF Nos. 15-2, 15-4). Page did not appeal that order.

In May 2018, Page filed a second motion for relief from judgment in the trial court. (ECF No. 15-5).[2] The trial court denied the motion because it was not brought under Michigan Court Rule 6.500, or, in the alternative, because it was an improper successive motion under that subchapter. (ECF No. 15-7). Page did not appeal that order.

On April 19, 2019, Page filed a third motion for relief from judgment. (ECF No. 15-8). Page alleged that the motion was a proper successive motion under Michigan Court Rule 6.502(G)(2) because it was based on new evidence that was not available when he filed his prior motions. The new evidence relied on by Page was a series of responses by government agencies to Freedom of Information Act (FOIA) requests made on his behalf in 2016 and 2018; these sought information about the issuance of a warrant authorizing the search of Page's residence in 2002, from which twenty-three firearms were recovered. (*Id.*). Page argued that the

---

[2] This was styled as "defendant's independent action to set aside a proceeding and or judgment for fraud on the court pursuant to MCR 2.612(C)(3)."

3

absence of the requested record was new evidence demonstrating that a search warrant was never issued to search his home. (*Id.*, PageID.1564). The trial court returned Page's motion without filing pursuant to Michigan Court Rule 6.502(G). (ECF No. 15-9). The court ruled that the FOIA information relied on by Page was not newly discovered relevant evidence or otherwise within the exceptions of Rule 6.502(G). (*Id.*). The Michigan appellate courts denied Page's application for leave to appeal as prohibited by Rule 6.502(G). (ECF No. 15-10); *People v. Page*, 941 N.W.2d 662 (Mich. 2020).

In August 2020, Page filed a fourth motion for relief from judgment; the trial court found that it advanced substantially the same arguments as his 2019 motion and was again prohibited by Michigan Court Rule 6.502(G). (ECF No. 15-13). The Michigan appellate courts denied Page's applications for leave to appeal and motion for reconsideration. (ECF No. 15-20, PageID.2188, 2203); *People v. Page*, 971 N.W.2d 626 (Mich. 2022).

On April 25, 2022, Page filed his habeas petition with this Court.[3]

---

[3] The Court will assume that Page actually filed his habeas petition on April 25, 2022, the date on which it was signed and dated. *See Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999).

## II. DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2nd Cir. 1999).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although not jurisdictional, this one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) "effectively bars relief absent

a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

The Court must initially determine when Page's conviction became "final," in order to determine when the limitations period began running. *Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005). For purposes of commencing the one-year limitations period under § 2244(d)(1)(A), the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."

On May 30, 2006, the Michigan Supreme Court denied Page leave to appeal following the affirmance of his first-degree murder conviction by the Michigan Court of Appeals. *People v. Page*, 714 N.W.2d 326 (Mich. 2006). However, on January 17, 2006, the Michigan Court of Appeals remanded the case to the trial court to amend the judgment to reflect that Page's armed robbery conviction had been vacated on appeal. *People v. Page*, No. 253185, 2006 WL 119290, at *2 (Mich. Ct. App. Jan. 17, 2006). The amended judgment of sentence was signed on March 14, 2006. (ECF No. 14-19). Page could have potentially filed a second appeal following this remand. *People v. Kincade*, 522 N.W. 2d 880, 882 (1994). At the time of his conviction, Page had twelve months after his sentence pursuant to Michigan Court Rule 7.205 to file a delayed application for leave to appeal.[4] Because Page never

---

[4] In 2011, MCR 7.205 was amended to reduce the late appeal period from 12 months to 6 months. *See* MCR 7.205, Editors' Notes, Staff Comment to 2011 Amendment; 7.205(A).

filed a direct appeal following the remand, his judgment of sentence became finalized, for the purposes of § 2244(d)(1)(A), one year after the amended judgment of sentence was signed, when the one year time limit for filing a direct appeal in the Michigan Court of Appeals expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). Page's conviction became final, at the very latest, on March 14, 2007, one year after the amended judgment of sentence was issued. *See, e.g.*, *Palazzolo v. Roggenbuck*, No. 2:12-CV-11976, 2013 WL 71825, at *2 (E.D. Mich. Jan. 7, 2013). Page had until March 14, 2008 to timely file a petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Page filed his first post-conviction motion for relief from judgment with the trial court on December 20, 2006, before the limitations period commenced. (ECF No. 14-20). 28 U.S.C. § 2244(d)(2) expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case on December 28, 2011, when the Michigan Supreme Court denied Page's application for leave to appeal the denial of his motion for relief from judgment. *People v. Page*, 806 N.W.2d 518 (Mich. 2011). The

7

limitations period is not tolled further under § 2244(d)(2) during the time in which Page could seek certiorari review of the denial of his state post-conviction motion. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Page thus had until December 28, 2012, to timely file his habeas petition.

On January 26, 2015, Page filed a motion to quash judgment of sentence for the remittance of prisoner's funds for costs and fees due to indigency. (ECF No. 15-2). This motion would not toll or extend the limitations period. A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled. *See Smith v. Meko*, 709 F. App'x 341, 344-45 (6th Cir. 2017) (limitations period not tolled by state collateral attack filed after AEDPA one-year limitation expired.). Page's second, third, and fourth post-conviction motions for relief from judgment, which were also filed in the state court after the expiration of limitations period, likewise did not toll the limitations period.

Page's second, third, and fourth motions for relief from judgment would not toll the limitations period for a second reason. The Sixth Circuit has ruled that a habeas petitioner's second or successive motion for relief from judgment that is rejected by the state courts pursuant to Michigan Court Rule 6.502(G), as Page's subsequent post-conviction motions were, does not qualify as a properly filed application for post-conviction relief that tolls the limitations period under 28 U.S.C.

8

§ 2244(d)(2). *Williams v. Birkett*, 670 F.3d at 736. The Sixth Circuit has also ruled that appeals from the denial of a successive motion for relief from judgment likewise do not toll the limitations period. *Bey v. Capello*, 525 F. App'x 405, 409 (6th Cir. 2013).

This Court defers to the state courts' findings that the claims raised by Page in his second, third, and fourth post-conviction motions for relief from judgment did not come within one of the exceptions of Michigan Court Rule 6.502(G). *See Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003). A state court's determination whether a habeas petitioner's post-conviction motion was properly filed governs whether a petitioner's post-conviction motion action tolls the statute of limitations under § 2244(d)(2). *Id.* Thus, for this second reason, Page's subsequent post-conviction motions for relief from judgment did not toll the limitations period.

The Court recognizes that Page claims that he has newly discovered evidence that the police did not have a search warrant when they entered his home and seized twenty-three firearms. Page claims that the prosecutor withheld evidence at his trial that the search of his home had been executed without a search warrant. Page argues that the prosecutor suppressed this evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which requires the prosecutor to turn over exculpatory evidence to the defense.

9

Under 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." This time commences under § 2244(d)(1)(D) when the factual predicate for a claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). The time period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *Id*. Significantly, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Id.* at 771.

> Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits.

*Id.* at 772. A habeas petitioner has the burden of proof in persuading a federal court that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). And newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery . . . is not a 'factual predicate' for

10

purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) (cleaned up).

Page may not invoke § 2244(d)(1)(D) to delay the commencement of the one-year limitation because he has failed to offer any argument as to why he could not have discovered evidence to support his claim earlier. Page alleges that he was not aware that the gun evidence presented at trial was obtained without a search warrant until he received two letters in response to FOIA requests dated January 23, 2017, and July 10, 2018. (ECF No. 1, PageID.2). Page alleges that these letters are "new evidence" that was not previously available to him. (*Id.*, PageID.3). The first letter, dated January 23, 2017, states that the prosecutor's office does not issue search warrants under the law, and as such there is no record of search warrants during the time period requested by Page. (*Id.*, PageID.21). The letter also indicates that the office does not have any documents naming Page other than a denial of a warrant request, which is exempt from FOIA as work product. (*Id.*). The second letter, dated July 10, 2018, is from the records clerk at the 77th District Court for Mecosta County and states: "[t]he District Court does not have copies of search warrants that old per state court retention statutes. They would have been destroyed some time ago." The clerk then advised Page that he may have to request a search warrant from the police agency, rather than the court. (*Id.*, PageID.16).

11

Page does not provide any information regarding why he waited over 10 years after his conviction to submit his FOIA requests. Page has made no argument to explain why, had he acted diligently, he could not have discovered this information sooner. Page has not shown that he exercised due diligence in obtaining this evidence, therefore, § 2244(d)(1)(D) does not save his petition from being time-barred.

More importantly, Page has failed to offer any credible evidence that the police searched his residence and seized the firearms without a search warrant. The evidence submitted by Page only establishes that neither the prosecutor nor the court retained a copy of the search warrant. This does not prove that a search warrant was never authorized in this case.

Evidence that the police may have seized the firearms in the case without a valid search warrant does not establish a *Brady* violation because it does not exculpate Page and thus does not delay the running of the limitations period in that the report would not undermine confidence in the verdict or lead to a different result. *See, e.g.*, *Whalen v. Randle*, 37 F. App'x 113, 119 (6th Cir. 2002) (commencement of limitations period was not delayed until habeas petitioner's alleged discovery of factual predicate for actual innocence claim upon discovery of police report identifying potential witnesses of whom petitioner was aware at time of trial, absent evidence that report contained new evidence or contained suppressed evidence that

12

would have produced different verdict and would have established a *Brady* violation).

To the extent that Page is raising a Fourth Amendment challenge to his conviction, his claim is non-cognizable on habeas review. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico*, 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010).

Page's *Brady* claim is itself barred by the *Stone v. Powell* doctrine because it essentially involves a Fourth Amendment attack on the validity of Page's search and arrest. *See O'Quinn v. Estelle*, 574 F.2d 1208, 1209-10 (5th Cir. 1978) (petitioner's claim that prosecution failed to disclose exculpatory information, which involves due process guaranty of a fair trial, was part of petitioner's Fourth Amendment

13

claim, since exculpatory information would eventually be used to attack the search warrant); *see also Simpson v. Kreiger*, 565 F.2d 390, 392 (6th Cir. 1977) (refusal to disclose informant's identity did not deny petitioner a full and fair opportunity to litigate Fourth Amendment claims in state court).

Finally, even if this Court were to delay the running of the statute of limitations pursuant to § 2244(d)(1)(D), the petition is still untimely. Page makes no valid argument as to why he filed his fourth motion for relief from judgment, to again raise the same claims and advance the same evidence in support of those claims that he raised in his third motion for relief from judgment filed in 2019. Even if Page's evidence qualified as newly discovered evidence, within the meaning of Michigan Court Rule 6.502(G), so as to permit him to file his third motion for relief from judgment, this evidence would not qualify as newly discovered evidence with respect to his fourth motion for relief from judgment; hence, his fourth motion, which was rejected by the state courts pursuant to Michigan Court Rule 6.502(G), did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Williams v. Birkett*, 670 F.3d at 733. Tolling would have ended in this case, at the latest, when the Michigan Supreme Court denied Page's application for leave to appeal the denial of his 2019 motion for relief from judgment on April 29, 2020. There would be no further tolling while Page pursued his fourth motion for relief from judgment. Under this scenario, Page would have had until April 29, 2021, to file his habeas petition.

14

Because the petition was not filed until almost a year after that, on April 25, 2022, the petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (cleaned up). Page is not entitled to equitable tolling of the one-year period because he failed to argue or show that the facts of this case support equitable tolling.

The one-year statute of limitations may also be tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was

15

not presented at trial." *Schlup*, 513 U.S. at 324. Page's case falls outside of the actual innocence tolling exception because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. An alleged violation of the Fourth Amendment, as Page appears to claim here, does not establish a habeas petitioner's actual innocence. *See Dunning v. Morrison*, 58 F. App'x 628, 629 (6th Cir. 2003) (Federal prisoner did not set forth claim of actual innocence that might be cognizable under general habeas corpus statute by claiming Fourth Amendment violation).

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that Page failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court dismisses with prejudice the petition for a writ of habeas corpus.

Before Page may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an

16

appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. The Court denies Page a certificate of appealability because reasonable jurists would not find it debatable whether this Court is correct in determining that Page did not file his habeas petition within the one-year limitations period.

However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Accordingly,

IT IS ORDERED that Page's motion to amend (ECF No. 18) is granted in so far as he seeks to amend or supplement his response to the Attorney General's motion to dismiss; it is denied in so far as Page seeks any other relief.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that Page may proceed in forma pauperis on appeal.

IT IS SO ORDERED.

Dated: February 6, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 6, 2023.

| | |
|---|---|
| **Herman Page** #155931<br>THUMB CORRECTIONAL FACILITY<br>3225 JOHN CONLEY DRIVE<br>LAPEER, MI 48446 | s/Johnetta M. Curry-Williams<br>Case Manager |